UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNIVERSAL CITY STUDIOS PRODUCTION LLLP et al.,

Plaintiffs,

vs. Case No. 3:06-cv-395-J-33TEM

KELLY HOWELL,

Defendant.

_______________________________________/

**ORDER**

This matter comes before the Court pursuant to the Application for Entry of Default Judgment (Doc. # 12) and memorandum of law in support thereof (Doc. # 13), filed on September 25, 2006, by Universal City Studios pursuant to Federal Rule of Civil Procedure 55. Universal requests statutory damages of $6,000, attorney's fees and litigation costs in the total amount of $3,233.39, and a permanent injunction. Howell has not filed a response to Universal's motion.

For the reasons stated below, the Court enters default judgment for Universal and grants Universal statutory damages of $6,000, costs in the amount of $555.02, and a permanent injunction. The Court will consider awarding reasonable attorney's fees when Universal submits sufficient documentation for the Court to determine that the fees Universal has charged for partners, associates, and paralegals are reasonable.

## I. Background

This is a civil action seeking damages and injunctive relief for copyright infringement. On May 2, 2006, Universal filed a complaint to stop Howell from copying and distributing unauthorized copies of Universal's copyrighted motion pictures over the Internet, specifically, The 40 Year Old Virgin (the "Copyrighted Motion Picture"). (Doc. # 1 at 2-3.) The Complaint alleges that on or about September 20, 2005, without Universal's permission or consent, Howell used an online media distribution system to distribute to the public Universal's Copyrighted Motion Picture. (Doc. # 1 at 3.) Universal claims that, by doing so, Howell infringed Universal's exclusive rights of reproduction and distribution. (Id.) Attached to Universal's complaint is a Certificate of Copyright Registration for the Copyrighted Motion Picture. (Doc. # 1, Ex. "A".)

On May 8, 2006, Howell was served with a copy of the Summons and Complaint. (Doc. # 8, Affidavit of Service.) Nevertheless, Howell has failed to file responsive pleadings, or to otherwise appear in this action. (Doc. # 12 at 1-2.) Universal filed a motion for entry of default on June 26, 2006. (Doc. # 9.) The Clerk entered default against Howell on June 28, 2006. (Doc. # 11.)

Pursuant to 17 U.S.C. § 505, Universal has elected to seek statutory damages in the amount of $6,000 instead of actual damages, and attorney's fees and costs in the amount of $3,233.39.

(Doc. # 12 at 2.) Universal also seeks injunctive relief, pursuant to 17 U.S.C. §§ 502 and 503, prohibiting Howell from further infringing Universal's Copyrights. (Id.)

## II. Analysis

### A. Copyright Infringement

When the clerk enters a default, the defendant is deemed to admit the well-pleaded allegations in the complaint. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975); see also Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987); Petmed Express, Inc. v. Medpets.Com, Inc., 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004).

To establish copyright infringement a plaintiff must show (1) ownership of the copyright, and (2) copying by the alleged defendant. Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1232 (11th Cir. 2002); Original Appalachian Artworks, Inc. v. Toy Loft, Inc., 684 F.2d 821, 825 (11th Cir. 1982). A certificate of copyright registration establishes ownership of a copyright. Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1249 (11th Cir. 1999); Original Appalachian, 684 F.2d at 826. Universal attached to its complaint the Certificate of Copyright Registration for the Copyrighted Motion Picture, thus establishing ownership. (Doc. # 1, Ex. A.) In its complaint, Universal alleged that Howell copied the Copyrighted Motion Picture. (Id. at 1-2.) Because well-pleaded allegations are taken as true, this element is established by

default. See Buchanan, 820 F.2d at 361; Nishimatsu, 515 F.2d at 1206; Petmed Express, 336 F. Supp. 2d at 1217. Thus, Universal has established Howell's liability.

**B. Statutory Damages**

Anytime before judgment is rendered, a copyright owner may elect to receive statutory damages for all infringements of any one work in a range of $750 to $30,000 as the court considers just, instead of seeking actual damages and disgorgement of the defendant's profits. MCA Television Ltd. v. Feltner, 89 F.3d 766, 768 (11th Cir. 1996); Cable/Home Comm. Corp. v. Network Prod. Inc., 902 F.2d 829, 850 (11th Cir. 1990). Statutory damages should be designed not only to reimburse the copyright owner for profit and damages, but also to discourage wrongful conduct. Cable/Home Comm., 902 F.2d at 850. Plaintiffs are entitled to statutory damages even where exact proof of damage is lacking, or damages are impossible to calculate. Id. at 851.

In this case, the Court finds that a statutory damages award of $6,000 would reimburse Universal and adequately discourage wrongful conduct. See, e.g., Universal City Studios Prod., LLLP v. Heasley, No. 8:05-cv-1655 (M.D. Fla. March 1, 2006) (order granting default judgment) (awarding $6,000 for copyright infringement); Paramount Pictures Corp. v. Burnside, No. 3:06-cv-50055 (N.D. Ill. June 7, 2006) (order granting default judgment) (awarding $6,000 for copyright infringement); Disney Enters., Inc. v. Saleem, No.

8:05-cv-03352 (D. Md. May 31, 2006) (order granting default judgment) (awarding $6,000 for copyright infringement); Peer Int'l Corp. v. Max Music & Entm't, Inc., No. 03 civ. 0996, 2004 U.S. Dist. LEXIS 12760, at *14-15 (S.D.N.Y. July 9, 2004) (awarding $30,000 for each of 30 copyright infringements); Music City Music v. Delta Radio, Inc., No. 2:02CV10, 2003 U.S. Dist. LEXIS 8679, at 13 (N.D. Miss. March 4, 2003) (awarding $5,000 for each of 12 copyright infringements).

**C. Attorney's Fees and Costs**

Universal seeks attorney's fees and costs in the amount of $3,233.39. Pursuant to 17 U.S.C. § 505, the Court in its discretion may award full costs and reasonable attorney's fees as a part of the costs to the prevailing party. Original Appalachian, 684 F.2d at 832; Cable/Home Comm., 902 F.2d at 853; Fogerty v. Fantasy, Inc., 510 U.S. 517, 519 (1994).

Although the award of attorney's fees and costs is discretionary, in default judgments courts often award plaintiffs their costs and attorney's fees when supported by time records and affidavits, in order to: "(1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing party and compensate the prevailing party." Twentieth Century Fox Film, Corp. v. Childs, No. 8:05-cv-1656, 2006 U.S. Dist. LEXIS 32901, at *3 (M.D. Fla. May 24, 2006); see also

Arista Records v. Becker, 298 F. Supp. 2d 1310, 1315 (S.D. Fla. 2003). To be awarded, attorney's fees must be reasonable. Fogerty v. Fantasy, Inc., 510 U.S. at 519; Cable/Home Comm., 902 F.2d. at 853; Original Appalachian, 684 F.2d at 832. The burden rests with the party requesting attorney's fees to show that the rate charged is reasonable given the prevailing market rate in the relevant community for lawyers with similar skills, experience, and reputation. See Childs, 2006 U.S. Dist. LEXIS 32901, at *4 (denying attorney's fees where copyright owners failed to show that the amount of requested fees was reasonable and failed to adequately demonstrate that the requested rate was comparable to the prevailing rate in the applicable market).

Universal has submitted time records for its legal fees. (Doc. # 14-2 at 2-8). These records are inadequate because they fail to provide the respective billing rates for partners, associates, and paralegals. (Id.) However, the Court will consider awarding Universal its attorney's fees if Universal submits a statement of the respective billing rates for partners, associates, and paralegals; and establishes that these rates are comparable with the prevailing rates attorneys with similar experience, skills, and reputation charge in the locality where this Court sits. See Childs, 2006 U.S. Dist. LEXIS 32901, at *3-4; Peer Int'l, 2004 U.S. Dist. LEXIS 12760, at *15. These materials will allow the Court to determine whether the fees Universal has

charged are reasonable. See Childs, 2006 U.S. Dist. LEXIS 32901, at *3-4; Peer Int'l, 2004 U.S. Dist. LEXIS 12760, at *15. The Court will withhold judgment as to attorney's fees for a period of ten days from the date of this Order. If Universal wishes to submit materials relevant to its request for attorney's fees, Universal shall do so within ten days.

**D. Injunctive Relief**

Universal requests a permanent injunction enjoining Howell from further infringing any of Universal's copyrights. (Doc. # 12 at 2.) The Copyright Act specifically provides for injunctive relief to prevent further infringement of a copyright. 17 U.S.C. § 502(a) (2007); Arista Records v. Becker, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003). Pursuant to 17 U.S.C. § 503(a), any court may grant temporary and final injunctions as it deems reasonable to prevent or restrain infringement of a copyright. Disney Enters. v. Farmer, 427 F. Supp. 2d 807, 819 (E.D. Tenn. 2006).

"The four elements for granting a permanent injunction include: 1) irreparable harm; 2) success on the merits; 3) a balancing of competing claims of injury to the parties; and 4) consideration of the public interest." Sony Music Entm't v. Global Arts Prod., 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999).

In the instant case, all four of the elements required for issuing a permanent injunction are met. When a defendant is in default, the element of success on the merits is satisfied, and

plaintiffs need not show irreparable harm. See id. at 1347.

As for the third and forth elements, it is unclear whether Howell conducts any legitimate activities that would be harmed by injunctive relief. Id. On the other hand, because of advances in technology, copyright infringers can easily reach a wide audience. MGM Studios, Inc. v. Grokster, Ltd., 545 U.S. 913, 928-29 (2005). Thus, Universal faces substantial harm if the requested injunctive relief is not granted. See id. Injunctive relief is also in the public interest, not only for the protection of copyrights, but also because of the public's interest in supporting creative pursuits while controlling costs passed on to the public when pirated copyrights cause lost revenues. See Grokster, 545 U.S. at 928; Miller v. Universal City Studios, Inc., 650 F.2d 1365, 1371 (5th Cir. 1981); Sony Music Entm't., 45 F. Supp. at 1347.

Thus, this Court finds that the balance tips in favor of granting Universal injunctive relief to protect its copyrighted works from further exploitation. See Cable/Home Comm., 902 F. 2d at 842; Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 428 (1984).

Accordingly, it is **ORDERED, ADJUDGED**, and **DECREED**:

1. Universal's Application for Entry of Default Judgment (Doc. # 12) is **GRANTED,** to the extent stated below.

2. Howell is ordered to pay Universal statutory damages of $6,000, and costs of $555.02.

3. Howell is hereby:

a. **ENJOINED** from directly or indirectly infringing Universal's rights in the Copyrighted Motion Picture and any motion pictures, whether now in existence or later created, that are owned or controlled by Universal ("Universal's Motion Pictures"), including, without limitation, by using the Internet to reproduce or copy any of Universal's Motion Pictures, to distribute any of Universal's Motion Pictures, or to make any of Universal's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Universal; and

b. **DIRECTED** to destroy all copies of Universal's Motion Pictures that Howell has downloaded onto any computer hard drive or server without Universal's authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in Howell's possession, custody, or control.

4. If Universal wishes to submit materials relevant to its request for attorney's fees, Universal shall do so within ten days from the date of this Order.

**Done** and **Ordered** in Chambers in Jacksonville, Florida, this 16th day of March 2007.

Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record